UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER F.,[1]<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No.: 3:24-cv-00432-VET<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Doc. No. 2] |

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g) (2022)] will refer to any non-government parties by using only their first name and last initial."

## I. INTRODUCTION

On March 5, 2024, Plaintiff Christopher F. ("Plaintiff") filed this action, seeking judicial review of the Commissioner of Social Security's ("Commissioner") final administrative decision denying his application for Disability Insurance Benefits ("Complaint"). Doc. No. 1. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP Motion") under 28 U.S.C. § 1915. Doc. No. 2. For the reasons stated below, the Court **GRANTS** the IFP Motion and **DISMISSES** the Complaint with leave to amend.

## II. DISCUSSION

### A. IFP Motion

Except for writ of habeas corpus applications, all parties instituting a civil action, suit, or proceeding in a United States district court must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed without paying the filing fee only if the party is granted *in forma pauperis* ("IFP") status pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

To proceed IFP, an applicant does not need to be "absolutely destitute" but must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security." CivLR 3.2.a. The affidavit proving indigence should allege "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (an adequate affidavit should state

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); *see also* U. S. COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, Plaintiff demonstrates he is entitled to IFP status. In support of the IFP Motion, Plaintiff does not list any employment history, and otherwise has limited income and assets. Doc. No. 2. at 2–5. His affidavit shows he receives $2600.00 in monthly state disability benefits and lists his 2018 Toyota Tacoma as his only asset. *Id.* at 3, 4. Plaintiff's monthly expenses include $1200.00 for rent and utilities, $850.00 for food, $100.00 for transportation, and $500.00 for motor vehicle insurance. *Id.* at 5. After Plaintiff's total monthly expenses, he has a net loss of $50.00. Plaintiff further states that he lives with his brother and mother and is unable to work. *Id.* at 6. Considering the information in the affidavit, the Court finds that Plaintiff does not have the ability to pay the $405 filing fee under § 1915(a).

### B.   Mandatory Screening under 28 U.S.C. 1915(e)

Complaints filed by any person proceeding IFP are subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). ("section 1915(e) applies to all [IFP] complaints, not just those filed by prisoners"); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners") (internal citation omitted). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 U.S. Dist. LEXIS 90042 at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the

1  Commissioner's denial of social security disability benefits."). Pursuant to § 1915(e), a
2  complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to
3  state a claim on which relief may be granted;" or (3) "seeks monetary relief against a
4  defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d
5  at 1126.

6      As an initial matter, the Court finds that the Complaint is not frivolous or malicious.
7  Nor does it seek relief against a defendant who is immune. Plaintiff identifies a decision
8  issued by the Commissioner that he seeks to appeal, a summary basis for the appeal, and a
9  valid statutory basis for the Complaint. Doc. No. 1 at 1–2. Further, the Commissioner is
10 not immune from the relief requested, namely reversal of the Commissioner's decision or
11 remand for further administrative proceedings. To the contrary, the Social Security Act
12 expressly authorizes federal judicial review of "any final decision of the Commissioner of
13 Social Security made after a hearing on which [the plaintiff] was a party." 42 U.S.C.
14 § 405(g).

15     Determining whether a complaint states a plausible claim for relief is a context-
16 specific task. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleading standard governing
17 most civil actions is set forth in Federal Rule of Civil Procedure 8(a), which provides that
18 a complaint must include "a short and plain statement of the claim showing that the pleader
19 is entitled to relief." Fed. R. Civ. P. 8(a). However, in the context of a Social Security
20 action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for
21 Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") to determine
22 whether the Complaint states a claim for relief. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. 1(a)
23 ("These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a final
24 decision of the Commissioner of Social Security that presents only an individual claim.");
25 Fed. R. Civ. P. SUPP SS Rule 2 Committee Note (noting that Supplemental Rules 2, 3, 4,
26 and 5 supersede the corresponding rules on pleading, service, and presenting the action for
27 decision); *see also Randy M. v. O'Malley*, No. 24-cv-03396-PHK, 2024 U.S. Dist. LEXIS
28 111956, at *5 (N.D. Cal. June 25, 2024) ("Supplemental Rule 2(b) sets forth the currently

applicable minimum pleading requirements for Social Security complaints under these Supplemental Rules."); *Landon H. v. O'Malley*, No. 24-cv-0991-DEB, 2024 U.S. Dist. LEXIS 108200, at *2 (S.D. Cal. June 17, 2024) (applying Supplemental Rule 2 to Social Security complaint).

Specifically, Rule 2 of the Supplemental Rules states that a complaint appealing the decision of the Commissioner *must*:

(A) state that the action is brought under § 405(g);
(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
(C) state the name and the county of residence of the person for whom benefits are claimed;
(D) name the person on whose wage record benefits are claimed; and
(E) state the type of benefits claimed.

Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)–(E). Further, a complaint "may include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp SS Rule 2(b)(2).

Here, Plaintiff meets four of the five pleading requirements in Supplemental Rule 2. First, Plaintiff states that he brings this action pursuant to § 405.[3] Doc. No. 1 at 1. Second, Plaintiff identifies both the relevant Beneficiary Notice Control Number provided by the Commissioner and the final decision of the Commissioner subject to review. *Id.* at 2. Third, Plaintiff provides his name and county of residence. *Id.* Fourth, Plaintiff states the type of benefits claimed, namely Title II Social Security Disability Insurance benefits. *Id.* The Complaint, however, fails to name the person on whose wage record benefits are claimed, or alternatively specify that he is claiming benefits on his own wage record.

When a plaintiff fails to meet the mandatory pleading requirements of Supplemental Rule 2, leave to amend, not dismissal, is appropriate. Fed. R. Civ. P. SUPP SS Rule 2 Committee Note. Thus, the Court finds that the Complaint does not survive screening under 28 U.S.C. § 1915(e)(2)(B) and dismisses the Complaint with leave to amend.

---

[3] While Plaintiff did not specify subdivision (g), the Court finds that pleading § 405 is sufficiently specific to meet Supplemental Rule 2.

**III. CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiff's IFP Motion. Doc. No. 2. And following mandatory screening under § 1915(e)(2)(B), the Court **DISMISSES** the Complaint **with leave to amend**. Plaintiff shall file an amended complaint on or before **August 20, 2024**.

**IT IS SO ORDERED**.

Dated: August 6, 2024

Honorable Valerie E. Torres
United States Magistrate Judge